Meghan R. McMeel, OSB #200224
mmcmeel@rshc-law.com
RILEY SAFER HOLMES & CANCILA LLP
456 Montgomery Street, 16th Floor
San Francisco, California 94104
Telephone: (415) 275-8550
Facsimile: (415)275-8551

Attorneys for Defendant
JPW INDUSTRIES INC.

UNITED STATES DISTRICT COURT

DISTRICT COURT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RICK CHESSELET,<br><br>    Plaintiff,<br><br>    v.<br><br>JPW INDUSTRIES INC., a Washington for-profit corporation, and SOUTHERNCARLSON, INC. a Delaware corporation,<br><br>    Defendants. | Case No. 6:21-cv-1645<br><br>**DEFENDANT JPW INDUSTRIES INC.'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPW Industries Inc., a Washington for-profit corporation ("JPW") removes this action, Case No. 21CV17827, from the Circuit Court of the State of Oregon, for the County of Deschutes, to the United States District Court of Oregon. The basis for removal of this action is set forth below.

## BACKGROUND

1. On May 4, 2021, Plaintiff Rick Chesselet filed a complaint entitled *Rick Chesselet v. JPW Industries, Inc. et al.*, Case No. 21CV17827 in the Circuit Court of Oregon for Deschutes County. (*See* Compl., Ex. A).

1 - DEFENDANT JPW INDUSTRIES INC.'S NOTICE OF REMOVAL

2. In his Complaint, Plaintiff names three defendants: JPW, Western Caldonia Corporation, an Oregon corporation, ("Western Caldonia") and Carlson Systems, LLC, a Nebraska limited liability company ("Carlson Systems"). (*Id.*)

3. Plaintiff alleges that he was injured on or about May 11, 2019, while operating a "Horizontal/Vertical Bandsaw" bearing Serial No. 1710BF01813 that was manufactured and distributed by JPW. (*Id.*, ¶¶ 5-7).

4. Plaintiff alleges that JPW sold the subject table saw to Western Caledonia and/or Carlson Systems who sold the "Horizontal/Vertical Bandsaw" to a third-party mechanic "Subaru Guru," who then sold it to Plaintiff. (*Id.*, ¶¶ 5-6).

5. On October 12, 2021, Plaintiff filed a stipulation and proposed order dismissing defendants Carlson Systems and Western Caledonia and substituting in defendant SouthernCarlson, Inc., a Delaware corporation ("SouthernCarlson"). (*See* Stipulation, Ex. B).

6. The stipulation indicates that the allegations in the Complaint against defendants Carlson Systems and Western Caledonia are more properly made against SouthernCarlson, which stipulates to being substituted as a defendant in place of Carlson Systems and Western Caledonia. (*Id.*, page 1).

7. Accordingly, Plaintiff sought to dismiss Carlson Systems and Western Caledonia from the state court action. (*Id.*, page 2).

8. The Deschutes County Circuit Court entered the stipulated proposed order on or about October 12, 2021. (See Ex. C, Court Order).

### DIVERSITY AMONG PROPERLY JOINED PARTIES

9. Plaintiff is a resident and citizen of the State of Oregon. (*See* Plaintiff's Driver License, Ex. D).

Riley Safer Holmes & Cancila LLP
456 Montgomery St., Floor 16
San Francisco, CA 94104
p (415) 275-8550 f (415) 275-8551

10. JPW is incorporated in the State of Washington and its principal place of business is in the State of Tennessee. Therefore, JPW is a citizen of the states of Washington and Tennessee. JPW is not a citizen of the State of Oregon. See 28 U.S.C. § 1332(c)(1).

11. The stipulation and proposed order indicate SouthernCarlson is a Delaware corporation. (*See* Ex. B, page 1).

12. Because Plaintiff is a citizen of Oregon, and JPW and SouthernCarlson are not, there is complete diversity of citizenship among the parties properly joined in this action. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

## AMOUNT IN CONTROVERSY

13. The amount in controversy, as alleged by Plaintiff, is $2,025,000 and exceeds the jurisdictional threshold. (Ex. A, Compl.); 28 U.S.C. § 1332(a).

## TIMELY REMOVAL

14. "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip.*, 437 U.S. at 373 (emphasis in original); 28 U.S.C. §§ 1332(a)(1), 1441(b)(2); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S.Ct.606, 163 L.Ed2d 415 (2005).

15. When an initial pleading does not establish diversity, the removal clock begins to run upon "receipt, through service or otherwise, of … an order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

16. In Plaintiff's original complaint, the Plaintiff and one defendant were both citizens of the state of Oregon. (*See* Compl., Ex. A and Driver License, Ex. D).

Riley Safer Holmes & Cancila LLP
456 Montgomery St., Floor 16
San Francisco, CA 94104
p (415) 275-8550 f (415) 275-8551

17. At the time Plaintiff stipulated to the dismissal of the Oregon defendant, and substituted in the current Delaware defendant, each defendant and Plaintiff thereafter were citizens of different states. (*See* Stipulation, Ex. B).

18. Plaintiff's stipulation and proposed order served on JPW constitute an "order or other paper" from which JPW was first able to ascertain that this case meets the requisite diversity requirement and was thus removable. 28 U.S.C. § 1446(b)(3).

19. The removal clock started running when JPW received Plaintiff's stipulation and proposed order substituting in SouthernCarlson, a Delaware corporation. 28 U.S.C. § 1446(b); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005).

20. JPW's Notice of Removal is timely filed within thirty days of JPW's receipt of "order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## Procedural Compliance

21. The only other defendant in the case, SouthernCarleson, consented to this action being removed on November 10, 2021. 28 U.S.C. § 1446 (b)(2)(A).

22. The Circuit Court for Deschutes County, Oregon, is located within the Eugene Division of the District of Oregon. Therefore, venue is proper because this district is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

23. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon JPW in this action are attached as Ex. E.

24. As required by 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal and a copy of this Notice of Removal will be served promptly upon all counsel of record and filed with the Clerk of the Circuit Court for Deschutes County, Oregon.

Riley Safer Holmes & Cancila LLP
456 Montgomery St., Floor 16
San Francisco, CA 94104
p (415) 275-8550 f (415) 275-8551

**WHEREFORE**, JPW removes this action from the Circuit Court for Deschutes County, Oregon, to the United States District Court for Oregon.

DATED: November 11, 2022

                            JPW INDUSTRIES INC.

                    By:  s/ Meghan R. McMeel
                            One of Its Attorneys
Meghan R. McMeel
RILEY SAFER HOLMES & CANCILA LLP
456 Montgomery Street, 16th Floor
San Francisco, California 94104
(415)275-8550

## CERTIFICATE OF SERVICE

I certify that, on November 11, 2021, I served a copy of the foregoing **Notice of Removal** via e-mail and U.S. Mail to:

Dated: November 11, 2021

                          s/ Meghan R. McMeel
                              One of Its Attorneys
Meghan R. McMeel
RILEY SAFER HOLMES & CANCILA LLP
456 Montgomery Street, 16th Floor
San Francisco, California 94104

# PROOF OF SERVICE

I, the undersigned, declare:

I am a resident of the State of California, employed in San Francisco County, California. I am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Riley Safer Holmes & Cancila LLP, and my business address is 456 Montgomery Street, 16th Floor, San Francisco, California 94104.

On the date below, I caused to be served the following document(s):

**DEFENDANT JPW INDUSTRIES INC.'S NOTICE OF REMOVAL**

on the parties involved addressed as follows:

> MILLER AND HOPP
> 210 NW Irving Ave, Suite 101
> Bend, Oregon 97703

BY MAIL - I caused to be deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

BY EMAIL – charlie@millerandhopp.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 11, 2021, at San Francisco, California.

_____
Leilani Castro