

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF DESCHUTES

| | |
|---|---|
| RICK CHESSELET,<br><br>    Plaintiff,<br><br>v.<br><br>JPW INDUSTRIES INC., a Washington for-profit corporation; WESTERN CALEDONIA CORPORATION, an Oregon Domestic Business Corporation; CARLSON SYSTEMS, LLC, a Nebraska Limited Liability Company,<br><br>    Defendants. | CASE NO.<br><br>**CIVIL COMPLAINT**<br>(Strict Liability, Negligence)<br><br>**Amount Prayed for:** $2,025,000<br><br>Filing Fee: $884 (ORS 21.160(1)(d))<br><br>CLAIM <u>NOT SUBJECT</u> TO MANDATORY ARBITRATION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges:

### Allegations Common to all Claims for Relief

1.

Plaintiff Rick Chesselet ("plaintiff"), brings this action against JPW Industries, Western Caledonia Corporation, and Carlson Systems LLC ("defendants") for personal injuries caused by defendants' negligence in Oregon.

2.

At all relevant times, JPW Industries Inc. ("JPW") was a Washington for-profit corporation doing business as JET. Further, at all times material herein, JPW controlled its agents or employees in all aspects of its operation and service. JPW conducted, and continues to conduct, a

COMPLAINT – Page 1



210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

substantial portion of its business in Oregon, including the regular and sustained business of manufacturing and wholesaling of tools. At all times material herein, JPW's agents or employees were acting within the course and scope of their agency or employment. As such, JPW was vicariously liable, including under the doctrine of respondeat superior, for the acts and omissions of its agents or employees.

3.

On information and belief, at all relevant times, Western Caledonia Corporation ("Western Caledonia") was an Oregon domestic corporation doing business as Western Tool Supply. Further, at all times material herein, Western Caledonia controlled its agents or employees in all aspects of its operation and service. Western Caledonia conducted, and continues to conduct, a substantial portion of its business in Oregon, including the regular and sustained business of manufacturing and wholesaling of tools. At all times material herein, Western Caledonia's agents or employees were acting within the course and scope of their agency or employment. As such, Western Caledonia was vicariously liable, including under the doctrine of respondeat superior, for the acts and omissions of its agents or employees.

4.

On information and belief, at all relevant times, Carlson Systems LLC ("Carlson Systems") was a Nebraska Limited Liability Company doing business as Western Tool Supply. Further, at all times material herein, Carlson Systems controlled its agents or employees in all aspects of its operation and service. Carlson Systems conducted, and continues to conduct, a substantial portion of its business in Oregon, including the regular and sustained business of manufacturing and wholesaling of tools. At all times material herein, Carlson Systems's agents or employees were acting within the course and scope of their agency or employment. As such, Carlson Systems was

COMPLAINT – Page 2



MILLER&HOPP
ATTORNEYS AT LAW

210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

vicariously liable, including under the doctrine of respondeat superior, for the acts and omissions of its agents or employees.

5.

On or about April 28, 2019, plaintiff purchased a Horizontal/Vertical Bandsaw ("the bandsaw") with model number HVBS-712D, stock number 414560, and serial number 1710BF01813 from another mechanic in town, the "Subaru Guru".

6.

The bandsaw was manufactured by JPW and distributed by Western Caledonia and/or Carlson Systems to the third-party mechanic in Bend Oregon at some point in 2018. The Subaru Guru did not change or modify the machine prior to Plaintiff.

7.

On or about May 11, 2019, plaintiff used the bandsaw for the first time. As he pushed material toward the bandsaw to be cut, the work stops which held the material in place kept vibrating and falling. The set screw to hand tighten and secure the work stop was located underneath the saw blade. Plaintiff reached to tighten the set screw to secure the work stop in place. As he released his grip from the set screw, a spinning brush caught his fingers, throwing his hand upward into the saw and severing his thumb.

8.

As a result of defendants' actions, plaintiff sustained the following injuries and damages:

a) The permanent loss of his right thumb;

b) Physical pain and suffering and emotional distress;

c) Susceptibility to re-injury to these same injured areas;

d) Susceptibility to degenerative process to these same injured areas; and

COMPLAINT – Page 3



210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

e) As a further result of his injuries, plaintiff has and will continue to suffer physical, mental and emotional pain.

f) His right to enjoy life has been diminished because of his inability to engage in his normal activities without pain.

All told plaintiff's non-economic damages are in an amount the jurors find to be appropriate. However, the total amount of non-economic damages awarded are not to exceed an aggregate of $2,000,000.00.

9.

As a further result of defendants' actions, plaintiff has incurred medical and related expenses in the approximate amount of $4,000. Furthermore, plaintiff has out of pocket expenses relating his business. Plaintiff had to hire replacement labor for his business in the amount of approximately $6,000 and turn away approximately $15,000 in business that he would have otherwise accepted. All to plaintiff's economic damages in an amount the jurors find to be appropriate, but not to exceed $25,000.

### FIRST CLAIM FOR RELIEF

### (Count One: Strict Liability Under ORS 30.920)

10.

Plaintiff realleges paragraphs 1 through 9 as though set forth fully herein.

11.

JPW's design of the bandsaw was defective in that the work stops would immediately vibrate loose and begin to fall while the machine was running, even when the set screw was tightened prior to turning it on. The set screw was made to be hand tightened, and yet when hand tightened, the screw would fail. This could have easily been cured with a "D" style rod, which is

MILLER&Hopp
ATTORNEYS AT LAW

210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

flat on one side and would have remained secure upon tightening the set screw prior to turning the unit on. Furthermore, the placement of the set screw directly under the blade was unnecessary and could have easily been located far away from the blade. Furthermore, the blade itself should have been equipped with a guard in the area of the set screw which would have prevented just the kind of harm that came to plaintiff in this case. Finally, JPW failed to provide adequate warning relating to the above dangerous conditions.

12.

JPW's defective design in each of the above respects, resulted in defective condition that rendered the bandsaw unreasonably dangerous to plaintiff, the consumer.

13.

The bandsaw was expected to and did reach the plaintiff without substantial change in the condition in which it was sold.

14.

As a manufacturer and/or sellers of the bandsaw described in paragraph 5, above, defendants are strictly liable under ORS 30.920 for the injuries and damages that plaintiff has suffered and will continue to suffer as alleged in paragraphs 8 and 9, above, which are realleged and incorporated by reference herein.

(Count Two: Negligence)

15.

Plaintiff realleges paragraphs 1 through 14 as though set forth fully herein.

16.

Defendants were negligent in one or more of the following particulars, each of which created a foreseeable and unreasonable risk of harm to plaintiff:

a) In locating the screw to tighten guardrails under the saw;



210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

b) In designing the bandsaw in such a way that the guardrails would loosen;

c) In selling and providing the bandsaw in a condition that was not safe for its ordinary and foreseeable use;

d) In failing to adequately warn plaintiff of the defective and unreasonably dangerous condition;

e) In allowing its agents and employees to sell the bandsaw in a defective and unreasonably dangerous condition;

f) In causing foreseeable and unreasonable injury to plaintiff; and

g) In acting in a manner that was dangerous under the circumstances.

17.

Defendants' negligence was a substantial factor in causing plaintiff's injuries. As a result of defendants' negligence, plaintiff has suffered the injuries and damages alleged in paragraphs 8 and 9, above, which are realleged and incorporated by reference herein.

WHEREFORE, plaintiff requests judgment against defendants as follows:

a) Plaintiff's economic damages in the amount of $25,000;

b) Plaintiff's noneconomic damages in the amount of $2,000,000;

c) Plaintiff's costs and disbursement incurred herein; and

d) Such other relief that the Court deems just and equitable.



210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com

DATED: May 4, 2021.



By: _____
Charles Allen, OSB#142694
Emmanuel Miller, OSB#151319
Attorneys for Plaintiff
Trial Attorney: Emmanuel Miller

1

COMPLAINT – Page 7



210 NW Irving Ave, Ste 101
Bend, Oregon 97703
P: (541) 948-8830
F: (458) 206-7332
info@millerandhopp.com